IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| RICKY MCCALL, | |
| Plaintiff, | |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | No. 3:15-CV-00068-JJV |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ricky McCall, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for supplemental security income benefits under Title XVI of the Social Security Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     BACKGROUND**

On March 29, 2011, Plaintiff filed an application for benefits alleging disability due to a combination of impairments, including lumbar degenerative disc disease, left arm pain, back pain, right shoulder pain, and status post left elbow fracture.[1] (Tr. 557-59) He was fifty-three years old at the time of application, and fifty-five at the time of the decision. (Tr. 455) Plaintiff has limited education and past relevant work experience as paint mixer, drywall applicator, and lift operator. (Tr. 455-56)

The Commissioner denied his application initially and upon reconsideration. (Tr. 507-10,

---

[1]Plaintiff previously filed for SSI on October 20, 2009, alleging disability for October 7, 2009. His claims where denied initially and upon reconsideration. Plaintiff then appealed to the Federal District Court where his complaint was dismissed. (Tr. 449).

1

512-15) Plaintiff requested a hearing, but failed to appear on September 12, 2011.[2] Plaintiff appealed to the Appeals Council and was granted another hearing before the Administrative Law Judge ("ALJ"). (Tr. 489-90) The ALJ held a hearing on August 30, 2013, where Plaintiff appeared with his lawyer. (Tr. 669-97) At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). (*Id.*)

The ALJ issued a decision on October 2, 2013, finding that Plaintiff was not disabled under the Act. (Tr. 449-56) The Appeals Council denied Plaintiff's request for review on January 20, 2015, making the ALJ's decision the Commissioner's final decision. (Tr. 441-43)

On July 28, 2015, Plaintiff filed the instant Complaint. (Doc. No. 12) Both sides have briefed their respective positions and the matter is ripe for a decision. After careful consideration of the pleadings and the record in this case, I find the decision of the Commissioner should be AFFIRMED.

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[3]

The ALJ found Plaintiff had not engaged in substantial gainful activity since March 29, 2011, and he had the following severe impairments: status post left elbow fracture and lumbar degenerative disc disease. (Tr. 452) However, she found that Plaintiff did not have an impairment or combination of impairments meeting an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

---

[2] The Administrative Law Judge found Plaintiff without good cause for his failure to appear and dismissed the claim in accordance with 20 C.F.R. § 416.1457(b)(1)(i).

[3] The ALJ followed the required sequential analysis to determine (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

The ALJ noted Social Security Acquiescence Rulings 98-3(6) [Dennard] and 98-4(6) [Drummond] and reviewed the application in light of new and material evidence not present in the previous ALJ's decision. (Tr. 450) A consultative physical examination performed on June 9, 2011, provided new evidence for the ALJ to consider. (Tr. 641-45) This evidence resulted in her not adopting the residual functional capacity ("RFC") from the previous decision.

Nevertheless, she assessed Plaintiff had the RFC to perform a limited range of light work. His RFC was limited to work that only required him to "occasionally climb, balance, stoop, kneel, crouch, or crawl."[4] (Tr. 452) Given this RFC finding, the ALJ found Plaintiff unable to perform past relevant work. (Tr. 455) The ALJ asked the VE if there were "light" exertional jobs that Plaintiff could perform using solely the skills acquired from his past relevant work. (Tr. 683-690) The VE testified the jobs of straddle truck operator, bucket operator, and monorail crane operator could be performed by Plaintiff without learning any additional skills. (*Id.*) Accordingly, the ALJ determined he was not disabled. (Tr. 455-56)

## III.   STANDARD OF REVIEW

In reviewing the Commissioner's decision, I must determine whether there is substantial evidence in the record as a whole to support the decision.[5] Substantial evidence is "less than a

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category then it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

[5] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[6] "Our review of the Commissioner's decision, however, is deferential, and we do not substitute our own view of the evidence for that of the Commissioner. Rather, we affirm the Commissioner's decision if supported by substantial evidence on the record as a whole."[7]

In reviewing the record as a whole, I must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed simply because some evidence may support the opposite conclusion.[8]

## IV.   ANALYSIS

Plaintiff asserts the Commissioner's decision should be reversed because the ALJ: (1) failed to assess his listing level severity; (2) erred in discrediting his complaints; and (3) erred in calculating he had the RFC to perform light work. (Doc. No. 12)

### A.   Listed Impairments

Plaintiff says the ALJ erred in not finding he met a Listing in 20 C.F.R. § 404(P), App. 1. (*Id.* at 11-14.) Plaintiff cites to Listing 1.02 which is "Major dysfunction of a joint(s) (due to any cause)," and reads:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
> OR

---

[6] *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[7] *Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004).

[8] *Id.* (citing *Gaddis v. Chater*, 76 F.3d 893, 895 (8th Cir. 1996)).

4

> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.[9]

To meet or equal a listing, Plaintiff must prove that he met all of the specific medical criteria.[10] Specifically, Plaintiff must prove he is unable to perform "fine and gross movements effectively." After carefully reviewing the medical evidence, I find Plaintiff has failed to meet this burden. Plaintiff correctly points out that pain or other symptoms "may be an important factor" for the ALJ to consider when assessing a functional loss under the listing level criteria. (Doc. No. 12). As the Commissioner notes (Doc. No. 14 at 6), much of his supporting evidence on this point is outside the relevant time period. More importantly, the treatment records fail to support an allegation that he meets Listing 1.02.

As previously noted, Listing 1.02 requires proof of the inability to perform fine gross effectively on a sustained basis. Inability to perform fine gross movements effectively means "an extreme loss of function of both upper extremities. . . To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering . . . ."[11] Dr. Patterson assessed Plaintiff with moderate limitation in ability to use left arm, bend, stoop, squat, kneel, crouch, a right arm grip strength of 100%, and a left arm grip strength of 80%. (Tr 644-45) But Dr. Patterson did not identify any restrictions in manipulative tasks such as holding a pen, touching fingertips tips to palm, or picking up a coin. (Tr. 644, 655) This is particularly important, given Plaintiff's claim of inability to perform fine gross movements effectively.

---

[9] 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.02.

[10] *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995).

[11] 20 C.F.R. Part 404, Subpart P, Appendix 1.

5

The record reflects the ALJ considered all the available evidence when evaluating step three of the sequential process. Thus I find the ALJ properly assessed the Plaintiff's impairments or combination of impairments when determining his listing level severity. (Tr. 452-56, 641-45, 648-56)

I have also considered Plaintiff's argument that the ALJ did not "specifically" cite Listing 1.02(B). However, she stated, "A comparison of the objective reasonable evidence shows that the Listing of Impairments are not sufficiently severe to meet the criteria of any impairment described in appendix one." (Tr. 452) While it is preferable for an ALJ to address the specific listing, this is not required if the record supports the overall conclusion.[12]

### B.   Credibility Assessment

Plaintiff disagrees with the ALJ's credibility assessment. (Doc. No. 12) He says the ALJ improperly discredited his subjective complaints of pain and limitations. (*Id*.) The ALJ determined Plaintiff's statements were less credible in relation to Dr. Patterson's findings which demonstrate a less restrictive range. (Tr. 454)

The ALJ was required to analyze Plaintiff's subjective complaints in light of those factors outlined in *Polaski v. Heckler*.[13] Those factors include a claimant's "relevant work history and the absence of objective medical evidence to support the complaints."[14] Plaintiff's complaints may be

---

[12] *Pepper ex. rel. Gardner v. Barnhart*, 342 F.3d 853 (8th Cir. 2003).

[13] In analyzing a claimant's subjective complaints, such as pain, an ALJ must consider (1) the claimant's daily activities; (2) duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (citing *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001)); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[14] *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

discounted if there are inconsistencies in the record, and courts "will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so."[15]

Here, the ALJ clearly evaluated Plaintiff's credibility using the *Polaski* factors. (Tr. 453-54) She noted the absence of treatment records during the period in question. (Tr. 454) The ALJ also considered the findings of Dr. Patterson with those of Dr. Petty and Dr. Davidson when determining Plaintiff's credibility. She noted the x-ray findings and diagnoses. (Id.) The reasons stated by the ALJ are valid reasons to discredit Plaintiff's subjective complaints. Therefore, I find her credibility assessment is supported by substantial evidence and Plaintiff's argument on this point is without merit.

**C.    RFC**

Plaintiff argues the ALJ's RFC assessment is flawed because she failed to consider his pain and the combined effects of his impairments. A claimant's RFC is a medical question and "at least some" medical evidence must support the ALJ's RFC determination.[16]

The ALJ considered Dr. Patterson's physical examination in June 2011. And, although they did not examine Plaintiff, two state evaluating physicians reviewed the medical evidence and concluded Plaintiff maintained the RFC to perform light work with postural limitations. (Tr. 648-56) Both evaluating physicians found Plaintiff could occasionally lift or carry 20 pounds, frequently lift or carry 10 pounds, stand or walk about six hours in an eight-hour work day, sit for a total of six hours in an eight-hour work day, push or pull unlimited, and occasionally climb, balance, stoop, kneel, crouch, crawl. (Tr. 649-50) Thus, the record as a whole provides substantial evidence to

---

[15] *Id*

[16] *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir.2001).

support the ALJ's decision that Plaintiff was capable of performing a reduced range of light work. Therefore, I find the ALJ properly determined Plaintiff's RFC and his argument is without merit.

## V.     CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.  Therefore, the Court affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 19th day of October, 2015.

```
                                    _____
                                    JOE J. VOLPE
                                    UNITED STATES MAGISTRATE JUDGE
```